UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA IRELAND,

                                        Plaintiff,                    **COMPLAINT**

        v.                                                            Civil Action No.:

ROCHESTER INSTITUTE OF TECHNOLOGY
and KIM SLUSSER,

                                        Defendants.
_____

        Plaintiff, Lisa Ireland, by her attorneys, Underberg & Kessler LLP, Paul F. Keneally,

Esq. and Jessie Gregorio, Esq., of counsel, alleges in her Complaint as follows:

### JURY DEMAND

        1.      Plaintiff, Lisa Ireland, demands a trial by jury of all issues in this action.

### NATURE OF THE ACTION

        2.      Plaintiff, Lisa Ireland, seeks to recover damages against Defendants,

Rochester Institute of Technology ("RIT") and Kim Slusser, for unlawful discrimination,

sexual harassment, hostile work environment and retaliation based upon Plaintiff's sex

and gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e et seq. (hereinafter "Title VII") of the New York State Human Rights Law §290 et

seq. of the Executive Law of the State of New York (hereinafter "Human Rights Law").

### JURISDICTION AND VENUE

        3.      This Court has subject matter jurisdiction over Plaintiff's claims in this action

pursuant to the United States Constitution, 42 U.S.C. § 2000e-5(f)(3)(Title VII), 28 U.S.C.

§ 1331, and 28 U.S.C. § 1343.  This Court also has supplemental jurisdiction pursuant to

28 U.S.C. § 1367 to adjudicate to Plaintiff's claims under state statutory law.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the claim arose in the judicial district and Plaintiff resides in this judicial district.

5.      This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff is an individual who resides at 7 Talamora Trail, Brockport, New York 14420.

7.      At all times relevant to the Complaint, Plaintiff was Defendant RIT's "employee" as defined by Title VII and/or the Human Rights Law.

8.      Upon information and belief, Defendant RIT is a private coeducational university located in Henrietta, New York.

9.      Upon information and belief, Defendant Kim Slusser was and is the Associate Vice President for Alumni, Parent and Annual Giving Programs at Defendant RIT.

## FACTS

10.     Plaintiff was employed by Defendants from approximately July 21, 2014 until September 29, 2017.

11.     Plaintiff began her employment with Defendants on July 21, 2014 in RIT's Office of Development and Alumni Relations (hereinafter "Development") as the Director of Donor Stewardship and earned an annual salary of $78,500 per year. She reported to Defendant Slusser.

12.     As of July 1, 2016, Plaintiff earned a salary of $83,037 per year.

13.     As the Director of Donor Stewardship, Plaintiff's duties were substantial. Plaintiff was responsible for designing, implementing and coordinating an institution-wide

comprehensive donor relations and stewardship system that promoted engagement and recognition of donors.

14.     Throughout the course of her employment, Plaintiff was repeatedly discriminated by Defendant Kim Slusser and subjected to harassment based on her sex and gender.

15.     During Plaintiff's employment, Ms. Slusser made sexual comments to Plaintiff, mostly surrounding Plaintiff's breasts and the desire to have sexual relations with Plaintiff's husband.

16.     On more than one occasion during RIT sponsored events, Ms. Slusser commented on Plaintiff's breasts and her attire while talking to Plaintiff's husband and on one occasion stated, "look at the rack on her!".

17.     On several occasions Ms. Slusser made sexually suggestive comments to Plaintiff about Plaintiff's husband, Kenneth, including that if she "had that man in her life," [referring to Plaintiff's husband], "she would want him in a pair of silk boxers waiting with a glass of wine for her every night when she got home".

18.     On or about October 16, 2015 during an RIT sponsored event at which Plaintiff was working, Ms. Slusser grabbed Plaintiff's husband's buttocks and stated, "now there's an ass!".

19.     On at least one occasion during an RIT sponsored event, Ms. Slusser introduced Plaintiff to staff and donors while making sexually suggestive comments about Plaintiff and her husband, including "look what we also get along with her" [referring to Plaintiff's husband].

20.     On at least one occasion during an RIT sponsored event, Ms. Slusser made sexually suggestive comments about other RIT employees, including the need to find someone for an employee who "really just needed to get laid".

3

21.   On many occasions during Plaintiff's employment, Ms. Slusser made sexually denigrating comments to RIT employees, including "Do you know what I want from Lisa [Ireland]?  I want her boobs and her husband in bed!".

22.   On or about July 10, 2016, Plaintiff complained of Ms. Slusser's discriminating treatment to her supervisor, Heather Engel.

23.   Upon information and belief, Ms. Engel reported Plaintiff's complaints to RIT Human Resources, Judy Rowling, and RIT Legal Counsel, Bobby Colon.

24.   Upon information and belief, Defendant RIT investigated and a decision was made without interviewing Plaintiff's husband who was a witness to some of the discrimination Plaintiff suffered by Ms. Slusser.

25.   Defendant RIT's failure to fully investigate and take appropriate action caused the discrimination to continue.

26.   Throughout the course of Plaintiff's employment, she was repeatedly sexually harassed and subjected to mistreatment based on her sex and gender.

27.   On or about September 2016, RIT Human Resources, Ms. Rowling, told Plaintiff to "just get back to normal" and asked, "is it really that bad?" regarding the discrimination Plaintiff suffered by Ms. Slusser.

28.   Plaintiff was shocked, humiliated and embarrassed that her complaint was not taken seriously.

29.   On or about October 13, 2016, Plaintiff submitted a formal grievance to RIT Associate Vice President for Diversity and Inclusion, Dr. Keith Jenkins.

30.   The sex and gender discrimination Plaintiff experienced made for a severely difficult and stressful work environment.

31.   Despite the sexual harassment and gender discrimination Plaintiff suffered while working at RIT, she remained a diligent and hardworking professional.

32.     Plaintiff filed a Complaint with the New York State Division of Human Rights ("NYSDHR") on or about October 14, 2016, a probable cause determination was subsequently issued, (a copy of which is attached as Exhibit "A"), and a pre-hearing was held on July 26, 2017.

33.     On or about July 26, 2017, Plaintiff was advised her position at RIT was part of divisional reorganization, which directly affected the Plaintiff.

34.     As a result of the divisional reorganization, Plaintiff no longer had any employees directly report to her; Plaintiff no longer reported to an Associate Vice President, but to an Executive Director; Plaintiff's office was moved and she no longer remained in her department.  Plaintiff was effectively demoted.

35.     The timing of Plaintiff's New York State Division of Human Rights Complaint and the subsequent reorganization of her position at RIT were causally related.

36.     Plaintiff filed a Complaint with the New York State Division of Human Rights ("NYSDHR") on or about December 7, 2017, a probable cause determination was subsequently issued (a copy of which is attached as Exhibit "B").

37.     Plaintiff received two (2) Dismissal and Notice of Right to Sue documents from the Equal Employment Opportunity Center ("EEOC") date March 1, 2019, copies are attached hereto as Exhibit "C".

### AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF UNDER TITLE VII FOR UNLAWFUL DISCRIMINATION, SEXUAL AND GENDER HARASSMENT AND HOSTILE WORK ENVIRONMENT

38.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

39.     By and through the course of conduct as alleged above, Defendants willfully violated Title VII, 42 U.S.C. §2000e et seq., by discriminating against Plaintiff, subjecting Plaintiff to a hostile work environment, denying her equal terms and conditions of

employment, harassing Plaintiff and attempting to alter the terms and conditions of her employment because of her gender and sex.

40.     As a consequence, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF UNDER THE NEW YORK STATE HUMAN RIGHTS LAW FOR UNLAWFUL DISCRIMINATION, SEXUAL AND GENDER HARASSMENT AND HOSTILE WORK ENVIRONMENT

41.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

42.     By and through the course of conduct as alleged above, Defendants willfully violated The Human Rights Law by discriminating against Plaintiff, subjecting Plaintiff to a hostile work environment, denying her equal terms and conditions of employment, harassing Plaintiff and attempting to alter the terms and conditions of her employment because of her gender and sex.

43.     As a consequence, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF UNDER TITLE VII FOR UNLAWFUL RETALIATION

44.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

45.     By and through the course of conduct as alleged above, Defendants willfully violated the Title VII, 42 U.S.C. by retaliating against Plaintiff.

46.     As a consequence, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF UNDER THE NEW YORK STATE HUMAN RIGHTS LAW FOR UNLAWFUL RETALIATION

47.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

48.     By and through the course of conduct as alleged above, Defendants willfully violated The Human Rights Law by retaliating against Plaintiff.

49.     As a consequence, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court:

(a) Accepts jurisdiction over this matter,

(b) Accepts, impanels and charges a jury with respect to the claims for relief; and

(c) Awards the following damages against Defendants:

     i.     Compensatory and punitive damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments, in amounts to be determined at trial;

    ii.     Attorneys' fees, costs, and expenses as provided for by the applicable statutes; and

   iii.     Any other relief which this Court deems just and proper.

Dated:     May 28, 2019
              Rochester, New York

**UNDERBERG & KESSLER LLP**

Paul F. Keneally, Esq.
Jessie Gregorio, Esq.
*Attorneys for Plaintiff*
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 258-2800
pkeneally@underbergkessler.com
jgregorio@underbergkessler.com

# EXHIBIT

# A



**Division of
Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>LISA IRELAND,<br>                                  Complainant,<br>v.<br>ROCHESTER INSTITUTE OF TECHNOLOGY, KIM SLUSSER,<br>                                Respondents. | DETERMINATION AFTER INVESTIGATION<br><br>Case No.<br>10184358 |

Federal Charge No. 16GB700197

On 10/14/2016, Lisa Ireland filed a verified complaint with the New York State Division of Human Rights ("Division"), charging the above-named Respondents with an unlawful discriminatory practice relating to employment because of sex in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division has determined that it has jurisdiction in this matter and that <u>PROBABLE CAUSE</u> exists to believe that the Respondents have engaged in or are engaging in the unlawful discriminatory practice complained of.

Pursuant to the Human Rights Law, this matter is recommended for public hearing. The parties will be advised of further proceedings.

Dated:        APR 0 5 2017
              Rochester, New York

                          STATE DIVISION OF HUMAN RIGHTS

By: *Julia B Day*
             Julia B. Day
             Regional Director

# EXHIBIT

# B



RECEIVED MAY - 7 2018

**Division of
Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>LISA IRELAND,<br>                            Complainant,<br>            v.<br><br>ROCHESTER INSTITUTE OF TECHNOLOGY,<br>                            Respondent. | DETERMINATION AFTER INVESTIGATION<br><br>Case No.<br>10191771 |

Federal Charge No. 16GB801039

On 12/7/2017, Lisa Ireland filed a verified complaint with the New York State Division of Human Rights ("Division"), charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division has determined that it has jurisdiction in this matter and that PROBABLE CAUSE exists to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.

Pursuant to the Human Rights Law, this matter is recommended for public hearing. The parties will be advised of further proceedings.

Dated:       MAY 0 1 2018

             Rochester, New York

                          STATE DIVISION OF HUMAN RIGHTS

By:      _Julia B Day_
                  Julia B. Day
                  Regional Director

# EXHIBIT

# C

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Lisa Ireland**<br>**7 Talamora Trail**<br>**Brockport, NY 14420** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| | |
|---|---|
| [ ] | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2017-00197** | **Holly M. Shabazz,**<br>**State & Local Program Manager** | **(212) 336-3643** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)* **Charging party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____

**Kevin J. Berry,**
**District Director**

March 01, 2019
*(Date Mailed)*

Enclosures(s)

cc:

**ROCHESTER INSTITUTE OF TECHNOLOGY**
**General Counsel, Finance & Administration**
**Division, 154 Lomb Memorial Drive**
**Rochester, NY 14623**

Jessi Gregorio, Esq.
Underberg & Kessler, LLP
300 Bausch & Lomb Place
Rochester, NY 14604

**Fernando Santiago, Esq.**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lisa Ireland<br>7 Talamora Trail<br>Brockport, NY 14420 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
| --- | --- | --- | --- |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 16G-2018-01039 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other *(briefly state)*        **Charging party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
**District Director**

March 01, 2019

*(Date Mailed)*

Enclosures(s)

cc:

| Attn: Director of Human Resources<br>**ROCHESTER INSTITUTE OF TECHNOLOGY**<br>**General Counsel, Finance & Administration**<br>**Division, 154 Lomb Memorial Place**<br>**Rochester, NY 14623** | Jessie Gregorio, Esq.<br>Underberg & Kessler, LLP<br>300 Bausch & Lomb Place<br>Rochester, NY 14604<br><br>Katherine McClung, Esq. |
| --- | --- |