UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA IRELAND,

                                         Plaintiff,         Case # 19-CV-6392-FPG

v.

                                                                      DECISION AND ORDER

ROCHESTER INSTITUTE OF TECHNOLOGY
& KIM SLUSSER,

                                         Defendants.
_____

## INTRODUCTION

Plaintiff Lisa Ireland brings this action for sexual harassment and retaliation against Defendants Rochester Institute of Technology ("RIT") and Kim Slusser for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e to 2000e-17, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-301. ECF No. 1.

On June 20 and 25, 2019, Defendants filed separate motions to dismiss Ireland's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF Nos. 5, 7. Ireland opposes the motions and asks that, if the Court dismisses any portion of her Complaint, she be allowed to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

For the reasons that follow, Defendants' Motions to Dismiss are GRANTED and Ireland's Motion to Amend is DENIED.

## BACKGROUND[1]

RIT is a private university located in Henrietta, New York, where Ireland worked from July 21, 2014 to September 29, 2017. ECF No. 1 ¶¶ 8, 10. Slusser is RIT's Associate Vice

---

[1] The Court takes the following allegations from Ireland's Complaint and accepts them as true to evaluate Defendants' Motions to Dismiss.

1

President for Alumni, Parent, and Annual Giving Programs. *Id.* ¶ 9. When Ireland first started working at RIT, she reported to Slusser. *Id.* ¶ 13.

Ireland asserts that, "[t]hroughout the course of her employment," Slusser "made sexual comments" to her, mostly about Ireland's "breasts and the desire to have sexual relations with [Ireland]'s husband." ECF No. 1 ¶ 15. Specifically, Ireland asserts that, during RIT-sponsored events, Slusser:

- commented on Ireland's breasts and attire while talking to Ireland's husband and said: "look at the rack on her!," *id.* ¶ 16;

- grabbed Ireland's husband's butt and said: "now there's an ass!" on October 16, 2015, *id.* ¶ 18;

- introduced Ireland to staff and donors while making "sexually suggestive comments" about Ireland and her husband, including "look what we also get along with her," in reference to Ireland's husband, *id.* ¶ 19; and

- made "sexually suggestive comments" about other RIT employees, including that another employee "really just needed to get laid," *id.* ¶ 20.

Ireland alleges that on "several occasions" Slusser made "sexually suggestive comments" about Ireland's husband, including that if she "had that man in her life . . . she would want him in a pair of silk boxers waiting with a glass of wine for her every night when she got home." ECF No. 1 ¶ 17. "On many occasions during [Ireland]'s employment," Slusser also allegedly "made sexually denigrating comments to RIT employees," including: "Do you know what I want from [Ireland]? I want her boobs and her husband in bed!" *Id.* ¶ 21.

On July 10, 2016, Ireland complained about Slusser's actions to Heather Engel, who was her current supervisor, and Engel reported Ireland's complaints to Judy Rowling, who worked in RIT's human resources department, and Bobby Colon, RIT's legal counsel. *Id.* ¶¶ 22-23. RIT investigated and made a decision "without interviewing [Ireland]'s husband who was a witness to

some of the discrimination" and Ireland asserts that its "failure to fully investigate and take appropriate action caused the discrimination to continue." *Id.* ¶¶ 24-25.

In September 2016, Rowling told Ireland to "just get back to normal" and asked her, "is it really that bad?" ECF No. 1 ¶ 27. Ireland alleges that she was "shocked, humiliated, and embarrassed that her complaint was not taken seriously." *Id.* ¶ 28.

On October 13, 2016, Ireland submitted a formal grievance to Dr. Keith Jenkins, RIT's Associate Vice President for Diversity and Inclusion. *Id.* ¶ 31. The next day, she filed a complaint with the New York State Division of Human Rights ("NYSDHR"), which issued a probable cause determination on April 5, 2017, and dual-filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 32.

On July 26, 2017, a pre-hearing conference was held with respect to Ireland's NYSDHR complaint and, "on or about" the same day, Ireland was told that her position "was part of divisional reorganization." ECF No. 1 ¶¶ 32-33. Ireland alleges that this reorganization was effectively a demotion because she no longer had employees report directly to her; she reported to an Executive Director instead of an Associate Vice President; and her office was moved out of her department. *Id.* ¶¶ 33-34. Ireland filed another complaint with the NYSDHR on December 7, 2017, and it issued a probable cause determination on May 1, 2018. *Id.* ¶ 36.

As a result of all of the above, Ireland asserts four causes of action against both Defendants: sexual harassment under Title VII and the NYSHRL (claims one and two) and retaliation under Title VII and the NYSHRL (claims three and four). *Id.* ¶¶ 38-49.

**LEGAL STANDARD**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, a court "must accept as

3

true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences" in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). But the court does not have "to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When a court evaluates a motion to dismiss, it may consider the facts stated in the complaint, documents attached to the complaint or incorporated by reference, and documents that are integral to the complaint because the complaint relies heavily upon their terms and effects. *Scott v. Rochester Gas & Elec.*, 333 F. Supp. 3d 273, 277 (W.D.N.Y. 2018) (citations omitted).

## DISCUSSION

RIT and Slusser each filed a motion to dismiss. Although Defendants raise similar arguments, the Court addresses their motions separately below.

**I. RIT's Motion to Dismiss**

RIT moves to dismiss Ireland's sexual harassment claims because it asserts that they are time-barred and, even if they are not, Ireland's allegations do not state a claim. RIT does not move to dismiss Ireland's retaliation claims.

Under Title VII and the NYSHRL, it is unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment

4

because of, among other things, that individual's sex. 42 U.S.C. § 2000e-2; N.Y. Exec. Law § 296(1)(a). Title VII's principles guide the interpretation of the NYSHRL, rendering claims brought under each "analytically identical." *Torres v. Pisano*, 116 F.3d 625, 629 n.1 (2d Cir. 1997); *see also Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 609 (2d Cir. 2006) ("Hostile work environment and retaliation claims under the NYSHRL are generally governed by the same standards as federal claims under Title VII."). Accordingly, where appropriate, the Court analyzes Ireland's sexual harassment claims under Title VII and the NYSHRL in tandem.

### A. Timeliness of Ireland's Title VII Sexual Harassment Claim

To bring a lawsuit under Title VII, a plaintiff must first file a charge of discrimination with the EEOC or other state administrative agency. *Goins v. Finger Lakes Serv. Grp., Inc.*, No. 13-CV-6551-FPG, 2014 WL 204207, at *1 (W.D.N.Y. Jan. 17, 2014); *see also* 42 U.S.C. § 2000e-5(e)(1), (f)(1). A plaintiff must file her charge of discrimination with the EEOC within 300 days after the date of the alleged discriminatory action. *Goins*, 2014 WL 204207, at *1. Title VII precludes a plaintiff from recovering "for discrete acts of discrimination which occur outside of this statutory time period, regardless of whether such acts are related to other discriminatory acts alleged in timely filed charges." *Id.*

If the plaintiff did not timely file an EEOC charge, "a federal district court cannot hear the case, since under Title VII, courts do not have jurisdiction over claims of discrimination which occurred more than 300 days prior to the date on which an administrative charge of discrimination was filed." *Id.* (quotation mark and citation omitted).

Here, Ireland filed a complaint with the NYSDHR and dual-filed a charge with the EEOC on October 14, 2016. ECF No. 1 ¶ 32. This means that the alleged discriminatory acts must have occurred on or after December 19, 2015, *i.e.*, 300 days before she filed an administrative

5

complaint. In her Complaint, however, Ireland identifies only one specific date when alleged harassment occurred—October 16, 2015—which precedes the limitations period and is therefore time-barred. *Id.* ¶ 18.

Although she does not specify when the other instances of alleged harassment occurred, it is clear from the verified complaint that Ireland submitted to the NYSDHR that those instances are time-barred, too.[2] Specifically, it is clear that the undated allegations set forth in paragraphs 19 and 20 occurred on July 10 and October 18, 2014, respectively, and that the undated allegations set forth in paragraphs 16 and 17 occurred on July 9 and October 16, 2015, respectively. ECF No. 5-2 at 9.

Ireland argues that her Title VII sexual harassment claim is not time-barred because it is subject to the continuing violation doctrine. Under that doctrine, "if a plaintiff has experienced a continuous practice and policy of discrimination, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 574 (S.D.N.Y. 2011) (alteration omitted). "To bring a claim within the continuing violation exception, a plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." *Id.*

"Courts in the Second Circuit generally disfavor the continuing violation doctrine and have declined to extend its applicability absent compelling circumstances." *Carroll v. New York*, No. 114CV00479MADATB, 2018 WL 1033285, at *3 (N.D.N.Y. Feb. 22, 2018). "Such compelling

---

[2] With its motion to dismiss, RIT submitted the verified complaint that Ireland filed with the NYSDHR in which she specified the dates on which the instances of alleged harassment occurred. ECF No. 5-2 at 9-12. The Court may consider Ireland's NYSDHR complaint because she referred to it in her Complaint in this case. ECF No. 1 ¶ 32; *see Singletary v. Sentry Grp. (SAFE)*, No. 10-CV-6627-CJS, 2011 WL 2149104, at *1 (W.D.N.Y. May 31, 2011) ("The Court will consider the Human Rights complaint, since it is specifically referenced in the complaint before the Court."). Moreover, the Court is entitled to take judicial notice of Ireland's filings with the NYSDHR. *Zoulas v. N.Y.C. Dep't of Educ.*, No. 1:18-CV-2718-GHW, 2019 WL 4090057, at *11 (S.D.N.Y. Aug. 29, 2019) (noting that "the Court is permitted to take judicial notice of [the plaintiff's] filings with the [NY]SDHR").

circumstances include unlawful conduct taking place over a period of time, making it difficult to pinpoint the exact day the violation occurred; where there is an express, openly espoused policy that is alleged to be discriminatory; or where there is a pattern of covert conduct such that the plaintiff only belatedly recognizes its unlawfulness." *Id.* (quotation marks and brackets omitted).

To support the application of the continuing violation doctrine, Ireland relies on her allegation that Slusser's harassing comments occurred "throughout the course of her employment." ECF No. 11 at 4. Ireland also refers to a "Spring 2016 comment that was reported to [her] supervisor" without indicating what that comment was, how it was discriminatory, or how it relates to her untimely allegations.[3] *Id.* She concludes that because of the "regular and continuing nature of the illegal acts" and "the relatedness of the events" the Court should consider harassment that occurred before the statutory time period.[4] *Id.*

Ireland cannot invoke the continuing violation doctrine because she has not alleged any nonconclusory discriminatory act that occurred within the limitations period, let alone compelling circumstances to support its application. Accordingly, the Court grants RIT's motion to dismiss Ireland's Title VII sexual harassment claim.

**B.     Timeliness of Ireland's NYSHRL Sexual Harassment Claim**

Claims under the NYSHRL are subject to a three-year statute of limitations. *Isbell v. City of New York*, 316 F. Supp. 3d 571, 585 (S.D.N.Y. 2018). Thus, because Ireland filed this case on

---

[3] Ireland cites a comment made in Spring of 2016 in her proposed amended complaint, which the Court discusses later in this Order.

[4] In their arguments about the applicability of the continuing violation doctrine, Ireland and RIT both discuss an alleged incident that occurred in August 2016, where Slusser told Ireland that she should "just tell [her husband] to grab some of [her] tampons and shove them up his nose." ECF No. 5-1 at 9-10; ECF No. 5-2 at 10; ECF No. 11 at 4-6. But Ireland does not mention this incident in her Complaint or proposed amended complaint and therefore the Court does not consider it.

7

May 28, 2019, any claims premised on conduct that occurred before May 28, 2016 are time-barred, unless there is an applicable exception to the limitations period.

As mentioned, October 16, 2015 is the only date Ireland provides for an instance of alleged harassment, which precedes the three-year limitations period and is therefore time-barred.[5] Her undated claims—which occurred on July 10 and October 18, 2014, and July 9 and October 16, 2015, as discussed above—are also time-barred. To save this claim, Ireland argues that the limitations period was tolled during the pendency of her EEOC charge, which she filed on October 14, 2016. The Court agrees.

"[T]he majority of courts . . . have held that the statute of limitations is tolled while an EEOC proceeding is pending" even though "the Second Circuit has not definitively decided the issue." *Nokaj v. N. E. Dental Mgmt., LLC*, No. 16-CV-3035 (KMK), 2019 WL 634656, at *8 n.14 (S.D.N.Y. Feb. 14, 2019); *see also Humphreys v. N.Y.C. Health & Hosps. Corp.*, No. 16-CV-9707, 2018 WL 3849836, at *3 (S.D.N.Y. Aug. 10, 2018) ("Although the Second Circuit has not squarely addressed the question of whether the filing and pendency of EEOC charges toll the statutes of limitations for NYSHRL . . . claims, courts in this district routinely conclude that the three-year statute[ ] of limitations for such claims are tolled during the period in which a complaint is pending before the EEOC.") (collecting cases).

Accordingly, the Court finds that Ireland's EEOC charge tolled the applicable limitations period from the date Ireland filed it on October 14, 2016 until the date the EEOC issued its notice of right to sue letter on March 1, 2019. Since October 16, 2015 is the last date upon which the alleged harassment occurred, Ireland had five years, four months, and fifteen days—*i.e.*, the three-

---

[5] In discussing the timeliness of this claim, the parties again argue about the August 2016 tampon comment; however, as mentioned above, the Court does not consider that comment because Ireland did not plead it in her Complaint or proposed amended complaint.

year limitations period plus the length of time her charge was pending before the EEOC—from that date to file her NYSHRL claim in district court. Therefore, because she filed this case within the limitations period on May 28, 2019, her claim is not time-barred and the Court denies RIT's motion to dismiss on this basis.

### C. Sufficiency of Ireland's NYSHRL Sexual Harassment Claim

RIT also argues that Ireland has failed to state a claim for sexual harassment under the NYSHRL. The Court agrees.[6]

Sexual harassment can be direct, via a quid pro quo relationship, or indirect, through the cultivation of a hostile work environment. *See Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 57 (2d Cir. 2004). Here, Ireland claims the latter, alleging that Slusser's actions created a hostile work environment for which RIT should be held responsible.

To state a hostile work environment claim, "a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Duplan v. City of New York*, 888 F.3d 612, 627 (2d Cir. 2018) (brackets omitted). "A plaintiff must show not only that [she] subjectively perceived the environment to be abusive, but also that the environment was objectively hostile and abusive." *Id.* The plaintiff must also allege facts demonstrating that the treatment in question "creates such an environment because of [her] sex." *Pryor v. Jaffe & Asher, LLP*, 992 F. Supp. 2d 252, 256 (S.D.N.Y. 2014)

To determine whether an environment is hostile or abusive, courts look at the "totality of the circumstances" and consider "the quantity, frequency, and severity" of the alleged

---

[6] Although the Court found Ireland's Title VII sexual harassment claim time-barred, it would also be subject to dismissal for failing to state a claim because, as mentioned previously, Title VII and NYSHRL claims are analytically identical.

discriminatory acts. *Bass v. World Wrestling Fed'n Entm't, Inc.*, 129 F. Supp. 2d 491, 500 (E.D.N.Y. 2001). Typically, the harassment must be "more than isolated or episodic incidents" and instead constitute a "steady barrage" of disparaging incidents. *Id.* But "even a single act can give rise to a hostile work environment claim" if it "is sufficiently severe to alter the work environment." *Id.* After the plaintiff demonstrates a hostile work environment, she "must then show some specific basis for imputing the harassment to the employer." *Id.*

In her Complaint, Ireland alleges six instances of sexual harassment over the course of about two years. Specifically, she asserts that Slusser:

1. commented on Ireland's breasts and attire while talking to Ireland's husband and said: "look at the rack on her!," ECF No. 1 ¶ 16;

2. said that if she had Ireland's husband "she would want him in a pair of silk boxers waiting with a glass of wine for her every night when she got home," *id.* ¶ 17;

3. grabbed Ireland's husband's butt and said: "now there's an ass!," *id.* ¶ 18;

4. introduced Ireland to staff and donors and said: "look what we also get along with her," in reference to Ireland's husband, *id.* ¶ 19;

5. said another employee "really just needed to get laid," *id.* ¶ 20; and

6. told employees that she wanted Ireland's boobs and husband in bed, *id.* ¶ 21.

Considering the standard described above, the Court finds that Ireland has failed to state a claim. At most, these comments are crude and isolated, and "isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment." *Salas v. N.Y.C. Dep't of Investigation*, 298 F. Supp. 3d 676, 683 (S.D.N.Y. 2018).

The first and sixth comments about Ireland's body are certainly offensive, but they do not support an inference that Ireland's workplace was permeated with discriminatory ridicule that was sufficiently severe or pervasive. Many of the other comments are innocuous (such as "look what

we also get along with her"), directed at others (like Ireland's husband), or do not relate to Ireland's gender (such as comments about Ireland's husband in silk boxers or another employee needing to get laid).

Ireland's Complaint contains other conclusory allegations that Slusser harassed her "throughout the course of her employment" and "on several occasions" made "sexually suggestive comments" without specifying when or how often such instances occurred or the nature of what was said. *See* ECF No. 1 ¶¶ 14-17, 19-21. Vague allegations like these are insufficient to state a claim, "because the precise frequency of such comments is of great importance in analyzing a hostile work environment claim." *Panayiotou v. N.Y.C. Dep't of Educ.*, No. 18-CV-06522-AMD-SMG, 2019 WL 2453438, at *5 (E.D.N.Y. June 12, 2019) (finding insufficient the plaintiff's allegation that discriminatory remarks were "frequent"); *see also, e.g.*, *Giordani v. Legal Aid Soc'y*, No. 17-CV-5569, 2018 WL 6199553, at *3 (E.D.N.Y. Nov. 27, 2018) (noting that the plaintiff's complaint lacked "detail as to how many times or how frequently" harassment occurred and that his "allegation that the abuse was systemic is simply too vague, because the precise frequency of such comments is of great importance in analyzing a hostile work environment claim") (quotation mark omitted).

Accordingly, for all the reasons stated, the Court grants RIT's motion to dismiss Ireland's NYSHRL sexual harassment claim.

## II. Slusser's Motion to Dismiss

Slusser argues that all of Ireland's claims against her should be dismissed primarily because she cannot be held individually liable under Title VII or the NYSHRL. ECF No. 7-1 at 4-11. Slusser also joins RIT's motion and argues that Ireland's claims fail because they are time-barred and inadequately pled.

### A. Title VII Claims

Slusser argues that Ireland's Title VII claims against her for sexual harassment and retaliation should be dismissed because she cannot be held individually liable under that statute. The Court agrees. *See, e.g.*, *Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61-62 (2d Cir. 2016) ("[W]e affirm the dismissal of all Title VII claims against defendants sued in their individual capacities because Title VII does not provide for individual liability.") (summary order); *Martin v. Performance Trans. Inc.*, No. 17-CV-6471L, 2019 WL 4893710, at *3 (W.D.N.Y. Oct. 4, 2019) (dismissing the plaintiff's Title VII claim against an individual defendant who was the plaintiff's supervisor because "individuals are not subject to liability under Title VII").

Ireland does not seem to dispute this principle, because she does not address the issue in her memorandum in opposition to Slusser's motion. In any event, Ireland's Title VII claims for sexual harassment[7] and retaliation against Slusser are dismissed with prejudice.

### B. NYSHRL Claims

Slusser also argues that Ireland's NYSHRL sexual harassment and retaliation claims should be dismissed because the allegations are insufficient to render her personally liable under that statute. The Court agrees.

A supervisor or manager can be individually liable for violating the NYSHRL if she is an "employer," meaning she has (1) an "ownership interest" in the company or (2) "any power to do more than carry out personnel decisions made by others." *Petrisch v. HSBC Bank USA, Inc.*, No. 07-CV-3303 KAM JMA, 2013 WL 1316712, at *20 (E.D.N.Y. Mar. 28, 2013); *see* N.Y. Exec. Law § 296(1)(a). As to the second prong, a court considers "whether the individual had the

---

[7] As discussed above, Ireland's Title VII sexual harassment claim is also time-barred, another reason to support its dismissal as to Slusser.

authority to hire and fire employees, supervised and controlled employee work schedules or employment conditions, determined payment rate and method, and maintained employment records." *Id.*

None of Ireland's allegations suggest that Slusser is subject to liability under the NYSHRL as an employer. She alleges only that, when she first started working at RIT on July 21, 2014, "[s]he reported to Defendant Slusser." ECF No. 1 ¶ 11.

A person can also be individually liable for violating the NYSHRL if she aids, abets, incites, compels, or coerces the discriminatory conduct. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 53 (2d Cir. 2014); *see* N.Y. Exec. Law § 296(6). This allows for the imposition of liability upon an employee who "actually participate[s] in discriminatory conduct" even if she is not authorized to do more than carry out the personnel decisions of others. *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012). "Aiding and abetting is only a viable theory where an underlying violation has taken place." *Petrisch*, 2013 WL 1316712, at *21 (quotation mark omitted) (collecting cases).

In her memorandum in opposition to Slusser's motion, Ireland asserts that she has stated a claim against Slusser as an aider and abettor, but her Complaint lacks any allegations in this regard and she does not frame any of her claims as ones for aiding and abetting against Slusser. Instead, she broadly asserts her NYSHRL claims against both Defendants, without any specificity as to how Slusser aided and abetted any alleged misconduct.

It is worth noting that Slusser cannot be held individually liable as an aider and abettor of the sexual harassment alleged herein. An individual "may not be held liable . . . merely for aiding and abetting [her] own discriminatory conduct"; instead, she can only be liable "for assisting another party" in violating the NYSHRL. *Reid*, 876 F. Supp. 2d at 186. Ireland alleges only that

Slusser participated in the sexually harassing conduct, and therefore Ireland cannot hold her liable as an aider and abettor in this regard. *See id.* (dismissing plaintiff's aider and abettor claim against her supervisor because only the supervisor was "alleged to have participated in the alleged discriminatory conduct, and an individual cannot be held to have aided or abetted his or her own actions").

Accordingly, for all the reasons stated, the Court grants Slusser's motion to dismiss Ireland's NYSHRL sexual harassment and retaliation claims.

## III. Motion to Amend the Complaint

Ireland requests that if the Court finds any portion of her Complaint deficient, she be allowed to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a) and she submitted a proposed amended complaint for the Court's review.

A court is generally required to "freely give" leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, a court may deny a motion to amend if it would be futile. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F3d 83, 87-88 (2d Cir. 2002). "[A]mendment . . . will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Id.*

Accordingly, the Court analyzes the sufficiency of the additional allegations set forth in Ireland's proposed amended complaint.

### A. Sexual Harassment Claims

As discussed previously, the Court finds that Ireland's sexual harassment claims are inadequately pled in her original Complaint—her Title VII claim is untimely and she fails to state a NYSHRL claim.

In her proposed amended complaint, Ireland alleges that Slusser said she wanted "[Ireland's] boobs and her husband in bed" in Spring 2016, and adds that around May 2016, Slusser asked why Ireland would return to work after medical leave when she could "just stay at home with her hot husband." ECF No. 11-1 ¶¶ 28-31. Although these allegations are now within Title VII's statutory time period, the Court finds that Ireland still fails to state a claim. Considering all her allegations and the hostile work environment factors discussed above, Ireland again sets forth only isolated incidents of crude and unwelcome comments. Moreover, the comment about staying home with her husband is innocuous and unrelated to Ireland's gender.

Ireland's proposed amended complaint also contains the same vague descriptions set forth in her original Complaint that make it difficult to analyze her claim—*i.e.*, that Slusser harassed her "throughout the course of her employment" and "on several occasions" made "sexually suggestive comments" without specifying when or how often such instances occurred or the nature of what was said. *See* ECF No. 11-1 ¶¶ 20-23, 25-27.

Accordingly, for all the reasons stated, the Court denies Ireland's motion to amend her sexual harassment claims.

### B. Retaliation Claims

RIT did not move to dismiss these claims, so the Court considers only whether Ireland's proposed amended complaint states a NYSHRL retaliation claim against Slusser.

As discussed previously, a person can be individually liable for violating the NYSHRL if she is an employer, meaning she has an ownership interest in the company or any power to do more than carry out the personnel decisions of others. *Petrisch*, 2013 WL 1316712, at *20. To evaluate whether an individual had employer-type power, a court considers "whether the individual had the authority to hire and fire employees, supervised and controlled employee work

15

schedules or employment conditions, determined payment rate and method, and maintained employment records." *Id.* A person can also be individually liable for violating the NYSHRL if she aids, abets, incites, compels, or coerces the discriminatory conduct. *Matusick*, 757 F.3d at 53.

In Ireland's proposed amended complaint, she alleges that she reported to Slusser for "some time" before Heather Engel became her direct supervisor. ECF No. 11-1 ¶ 14. Even after Slusser was no longer Ireland's direct supervisor, however, she "maintained an indirect supervisory role" over Ireland. *Id.* ¶ 15. Specifically, Slusser was part of a "senior leadership team" that supervised Ireland's department and employment. *Id.* ¶ 16. Ireland alleges, "upon information and belief," that Slusser had "ample opportunity as a member of the leadership team to affect the terms and conditions of [her] employment" and that Slusser had a "close relationship" with Vice President Lisa Cauda that allowed Slusser "to have influence over staffing decisions." *Id.* ¶¶ 17-19. Ireland also alleges, "upon information and belief," that Ms. Cauda determined the details of her department reorganization, which Slusser "was aware of . . . before it was announced." *Id.* ¶ 46.

Ireland's proposed amended complaint does not support a claim for individual liability against Slusser as an employer because she does not allege that Slusser had an ownership interest in RIT or that she had the power to do more than carry out the personnel decisions of others. Ireland apparently believes that Slusser could affect the terms and conditions of her employment and influence staffing decisions, but there is no indication that Slusser had authority to make these decisions on her own. Instead, Ireland alleges that Slusser could take such action in conjunction with or by influencing the senior leadership team and/or Ms. Cauda.

Ireland's proposed amended complaint also does not state a claim against Slusser on an aiding and abetting theory. She alleges only that Slusser was aware of the department

reorganization before it was announced, not that she aided, abetted, incited, compelled, or coerced that decision, or actually participated in the allegedly retaliatory conduct.

Accordingly, for all the reasons stated, the Court denies Ireland's motion to amend her NYSHRL retaliation claim against Slusser.

## CONCLUSION

Defendants' Motions to Dismiss (ECF Nos. 5, 7) are GRANTED and Ireland's Motion to Amend (ECF Nos. 11, 12) is DENIED. This case will proceed to discovery on Ireland's Title VII and NYSHRL retaliation claims against RIT only. The Clerk of Court will terminate Slusser as a party to this action.

By separate order, the Court will refer this case to a magistrate judge for pretrial proceedings.

IT IS SO ORDERED.

Dated: October 25, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court