UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LISA IRELAND,

                                       Plaintiff,

v.                                                                      Case # 19-CV-6392-FPG

                                                                                            DECISION AND ORDER

ROCHESTER INSTITUTE OF TECHNOLOGY,

                                       Defendant.

## INTRODUCTION

Plaintiff Lisa Ireland brings this employment-discrimination action against her former employer, Rochester Institute of Technology ("RIT").[1] ECF No. 1. The only remaining claims against RIT are retaliation claims brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"). RIT now moves for summary judgment under Federal Rule of Civil Procedure 56. ECF No. 68. Plaintiff opposes the motion, ECF No. 72, and RIT has filed its reply. ECF No. 77. For the reasons that follow, RIT's motion for summary judgment is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding

---

[1] The Court dismissed the claims against a second defendant, Kim Slusser, in its October 25, 2019 Decision & Order. *See* ECF No. 15.

whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## BACKGROUND

The following facts are taken from the record. In July 2014, RIT hired Plaintiff to work in the Development and Alumni Relations Division as a "Director of [D]onor [S]tewardship." ECF No. 68-3 at 10. The division was headed by Lisa Chase and was split into different teams. *Id.* at 12; ECF No. 72-1 ¶ 2. When she was first hired, Plaintiff worked under the direct supervision of Kim Slusser. ECF No. 72-1 ¶ 3. Within "the first three or four months," however, Chase implemented an "organizational realignment" among the teams, and Plaintiff began to report to Heather Engel. ECF No. 68-3 at 12-13.

In July 2016, Plaintiff disclosed to Engel that Slusser had been sexually harassing her. *See* ECF No. 68-3 at 45. Generally, Plaintiff alleged that Slusser had made inappropriate, sexually suggestive comments about Plaintiff and her husband and had, on one occasion, grabbed her husband's buttocks. *See* ECF No. 72-5 at 8-9. In August 2016, Plaintiff met with Judith Rolwing—a member of RIT's Human Resources department—to formally complain about Slusser's behavior. *See* ECF No. 68-3 at 45-46. Rolwing conducted an investigation and issued a report on October 6, 2016. *See* ECF No. 72-4. She concluded that Plaintiff's allegations about Slusser's comments were substantiated, but that there was insufficient evidence to conclude that Slusser had inappropriately touched Plaintiff's husband. *See id.* Plaintiff internally appealed the determination and Rolwing reopened the investigation. ECF No. 72-1 ¶¶ 12, 13. On October 14,

2016, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"). ECF No. 72-5. On November 15, 2016, after conducting "additional interviews," Rolwing ultimately affirmed her original findings for purposes of the internal administrative process. ECF No. 72-8 at 2; ECF No. 72-1 ¶¶ 13, 15. As a result of the investigation, "RIT took disciplinary action against [] Slusser, including six-months of required coaching on professionalism" and sexual-harassment training. ECF No. 72-1 ¶ 16; ECF No. 72-14 at 11.

In early-to-mid July 2017, Craig Smith—Associate Vice President of University Development—unexpectedly announced his retirement. ECF No. 72-1 ¶ 17. "As a result, [] Chase decided to reorganize" the Development and Alumni Relations Division. *Id.* ¶ 18. Chase's plans were communicated to RIT's President and to Human Resources on July 25, 2017. *Id.* ¶ 20. On July 26, 2017, Chase emailed the entire division to announce the restructuring. *Id.* ¶ 21; ECF No. 68-1 at 7. On that same day, there was a "pre-hearing settlement conference" relating to Plaintiff's NYSDHR complaint. ECF No. 72-1 ¶ 22.

On August 29, 2017, Plaintiff learned the details of the restructuring process. As part of the restructuring, Smith's team was "consolidated into a portion of" Engel's team, with "Engel heading the consolidated [team]." *Id.* ¶ 24. Plaintiff concedes that Chase had several business reasons for consolidating the teams under Engel. *Id.* ¶¶ 25-27; *see also* ECF No. 68-3 at 128-29. Furthermore, Chase placed the "stewardship" team under the supervision of Cindy Sobieraj. ECF No. 72-1 ¶ 28. Plaintiff was part of the stewardship team at the time of the restructuring. *Id.* Again, Plaintiff does not dispute that Chase had business reasons for restructuring the stewardship team in this manner. *See id.* ¶¶ 29-32. Although the restructuring did not impact Plaintiff's title, salary, hours, or benefits, she asserts that it caused other negative effects. *Id.* ¶ 34. She would be losing "significant opportunities for [] professional growth and promotions," she would be "losing

3

an employee who had been reporting directly to [her]," and she would be "required to relocate [her] office" to an area near "Slusser's office."  ECF No. 72-3 ¶¶ 20-21.  Plaintiff's office had temporarily been moved to the College of Engineering to accommodate "her desire to be separated from [] Slusser."  ECF No. 72-1 ¶ 7; ECF No. 68-3 at 102; ECF No. 72-14 at 13-14.  As a result, on September 7, 2017, Plaintiff decided to submit her resignation.  ECF No. 72-3 ¶ 26.

In May 2019, Plaintiff brought this action.  ECF No. 1.  The only remaining claims are Plaintiff's Title VII and NYSHRL retaliation claims against RIT.  ECF No. 15.  Plaintiff alleges that, when it reorganized her division, RIT retaliated against her for filing a discrimination complaint with the NYSDHR.  ECF No. 1 ¶¶ 33-35, 44-49.

## DISCUSSION

Plaintiff's theory of retaliation is that Chase intentionally restructured the division in a manner unfavorable to Plaintiff.  ECF No. 72 at 6.  RIT moves for summary judgment, arguing, *inter alia*, that Plaintiff cannot show that RIT's legitimate, nondiscriminatory reasons for the restructuring were pretextual.  *See* ECF No. 68-4 at 26-28.  Because the Court agrees, summary judgment is warranted, and RIT's other grounds for summary judgment need not be addressed.

The Court applies a "burden-shifting framework to retaliation claims under Title VII and the NYSHRL, which prohibit employers from retaliating against employees because, as relevant here, the employee . . . brought a discrimination charge against the employer."  *Palencar v. N.Y. Power Auth.*, 834 F. App'x 647, 651 (2d Cir. 2020) (summary order) (citing 42 U.S.C. § 2000e–3(a); N.Y. Exec. Law § 296(7)).  To establish a prima facie claim of retaliation, "a plaintiff must show (1) participation in a protected activity; (2) that the employer knew of the plaintiff's participation in that protected activity; (3) that she suffered an adverse employment action; and (4) that there exists a causal relationship between the protected activity and the adverse employment

4

action." *Hawkins v. N.Y.S. Off. of Mental Health*, 845 F. App'x 9, 10 (2d Cir. 2021) (summary order) (internal quotation marks and brackets omitted). "If the plaintiff makes out a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions." *Id.* (internal quotation marks omitted).

"If the employer presents such a reason, the burden then shifts back to the plaintiff to show that the employer's explanation is pretext for retaliation." *Id.* (internal ellipsis and brackets omitted). "To this end, the plaintiff must show that the adverse action would not have occurred in the absence of the retaliatory motive." *Id.* (internal quotation marks omitted). "A plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action. From such discrepancies, a reasonable juror could conclude that the explanations were a pretext for a prohibited reason." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013). Temporal proximity between the discrimination complaint and the adverse action is insufficient to satisfy the employee's burden "to bring forward some evidence of pretext." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010).

In this case, Plaintiff does not contend that the restructuring "generally" was a retaliatory action. ECF No. 72 at 21. Instead, Plaintiff identifies three "discrete" consequences of the restructuring as adverse actions. *Id.* Specifically, the restructuring (1) modified Plaintiff's position in such a way as to reduce prospects for future professional growth and promotion; (2) removed Plaintiff's administrative assistant "from her charge and placed [her] under the supervision" of Sobieraj; and (3) compelled Plaintiff to move her office within the vicinity of Slusser. *See id.* at 21-22.

The Court will assume, without deciding, that Plaintiff can meet the elements of a *prima facie* case based on the first two adverse actions. With respect to the forced relocation of her office, however, the Court concludes that this action is not adverse and, thus, cannot support a retaliation claim.

"The Supreme Court has held that in the context of a Title VII retaliation claim, an adverse employment action is any action that could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Wheeler v. Bank of N.Y. Mellon*, 256 F. Supp. 3d 205, 220 (N.D.N.Y. 2017) (internal quotation marks omitted). Absent unusual circumstances, courts do not treat an unrealized *threat* of an adverse action as an adverse action. *See, e.g.*, *Tepperwien v. Entergy Nuclear Ops., Inc.*, 663 F.3d 556, 570-71 (2d Cir. 2011) (collecting cases and stating that, while it cannot be said that "rescinded discipline can *never* constitute materially adverse action," the plaintiff's "rescinded counseling letter was not a material adverse employment action"); *Kenny v. Catholic Charities Cmty. Servs. Archdiocese of N.Y.*, No. 20-CV-3269, 2023 WL 1993332, at *11 (S.D.N.Y. Feb. 14, 2023) (heightened workload did not constitute adverse employment action because it "never materialized").

Here, Plaintiff avers that when she complained to Engel about the proposed relocation of her office, Engel responded that "Chase was 'absolutely requiring' [her] to move back into the [division's] office space within the proximity of [] Slusser." ECF No. 72-3 ¶ 24. This decision was "nonnegotiable" and "final." *Id.* Nevertheless, Plaintiff continued to press her concerns, and Engel offered an alternative workspace in a different building. *Id.* ¶ 25; *see also* ECF No. 68-3 at 135. At her deposition, Plaintiff agreed that the reason she rejected this alternative was "because [she] had already decided to leave RIT." *Id.* at 40-41; *see also* ECF No. 68-2 ¶ 6. Plaintiff submitted her resignation letter two days after Engel proposed the alternative office space. ECF

No. 72-3 ¶¶ 25-26. As a result, even if it could be said that relocation of Plaintiff's office to a space near Slusser may constitute an adverse action, it was an adverse action that never materialized—Plaintiff was offered an alternative accommodation and declined it. *See Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 609 (2d Cir. 2006) (change to plaintiff's reporting structure did not rise to "level of an adverse employment action," where the change was rescinded one day later "in response to [plaintiff's] complaint"); *Watson v. Geithner*, No. 09-CV-6624, 2013 WL 5420932, at *12 (S.D.N.Y. Sept. 27, 2013) (statements that plaintiff's workstation "might be relocated and her printed removed," which "never came to pass," did not qualify as "materially adverse actions"). Therefore, the threatened relocation of Plaintiff's office did not constitute an adverse action.[2]

As for the other purportedly adverse actions, the Court may assume *arguendo* that Plaintiff can fulfill the elements of a *prima facie* case. Even granting that assumption, RIT proffered several legitimate, nondiscriminatory reasons for the actions. As Plaintiff concedes, the restructuring was prompted by Smith's unexpected retirement. ECF No. 72-1 ¶¶ 17, 18. As Plaintiff also concedes, Chase articulated several nondiscriminatory business reasons for placing Plaintiff's team under Sobieraj as part of the restructuring. ECF No. 72-1 ¶¶ 28-32. This restructuring resulted in the

---

[2] Throughout her briefing, Plaintiff references the fact that the alternative workspace had "previously been used as a darkroom." ECF No. 68-3 at 39; *see also* ECF No. 72 at 11, 17, 19. Plaintiff does not develop any legal argument that the proposed relocation to this alternative office space would have itself constituted an actionable adverse action. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

Furthermore, several other claims that Plaintiff makes with respect to the relocation of her office are not supported by the record. First, Plaintiff suggests that, at the time of the restructuring, Chase was aware that Plaintiff would find the proposed relocation "untenable." ECF No. 72-1 ¶ 88. The cited deposition testimony does not support that factual assertion. *See* ECF No. 72-14 at 29; ECF No. 77-1 ¶ 88. Second, while Plaintiff claims there is no evidence relating to "why Plaintiff's office would no longer be available," ECF No. 72 at 22, Chase's deposition testimony indicates that the restructuring changes necessitated the relocation of Plaintiff's temporary office space. *See* ECF No. 68-3 at 102; *see also* ECF No. 72-14 at 13-14.

modification of Plaintiff's position, ECF No. 72-3 ¶ 21, and the transfer of Plaintiff's administrative assistant to Sobieraj's supervision to fill a newly vacant administrative-support position. ECF No. 68-2 at 5; *see also* ECF No. 68-2 at 9; ECF No. 68-3 at 138.

Thus, to avoid summary judgment, Plaintiff is required to "show that [RIT's] explanation is [a] pretext for retaliation." *Hawkins*, 845 F. App'x at 10 (internal quotation marks and ellipsis omitted). She has failed to do so.

Plaintiff suggests that RIT's explanation for the removal of her administrative assistant was pretextual because "the decision to allow [the assistant] . . . to assist the entire Marketing Department and not [] Sobieraj exclusively was only made *after* Plaintiff gave [] Sobeiraj her resignation." ECF No. 72 at 22. While Plaintiff does not fully articulate the import of the distinction she draws, her claim is, in any case, belied by the record: months before Plaintiff resigned, Sobieraj notified Plaintiff that the tentative plan was to have the administrative assistant "support the entire team and [] report to [her] as a result." ECF No. 68-2 at 5. Plaintiff does not otherwise explain how this decision was pretextual.

With respect to the fact that, after restructuring, Plaintiff's position was allegedly modified in a manner that negatively affected her "opportunities for [] professional growth and promotion," ECF No. 72 at 22, Plaintiff offers no evidence to undercut RIT's rationales for the restructuring. To the contrary, she concedes these points in her responsive Rule 56 Statement. *See* ECF No. 72-1 ¶¶ 24-32. Instead of developing any meaningful argument or citing any record evidence to show "weaknesses, implausibilities, inconsistencies, or contradictions" in RIT's rationales, *Zann Kwan*, 737 F.3d at 846, Plaintiff simply asserts that the changes to her position were "unnecessary and done only to harm [her]." ECF No. 72 at 22. But Plaintiff does not explain why these changes were unnecessary or cite the evidence that she believes shows that they were made only to harm

8

her. This is insufficient to preclude summary judgment. *See Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."). Consequently, Plaintiff has failed to present sufficient evidence to show that RIT's facially nonretaliatory reasons for restructuring Plaintiff's team (and thereby modifying her position) and for transferring her administrative assistant were pretextual.

Accordingly, summary judgment is warranted on Plaintiff's retaliation claims under Title VII and the NYSHRL.[3]

## CONCLUSION

For these reasons, RIT's motion for summary judgment (ECF No. 68) is GRANTED. Plaintiff's complaint is DISMISSED. The Clerk of Court is directed to enter judgment in favor of RIT and close the case.

IT IS SO ORDERED.

Dated: May 11, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[3] Given the Court's conclusions, Plaintiff is unable to substantiate a claim for constructive discharge, which only occurs where the "employer . . . *intentionally* creates a work atmosphere so intolerable that [s]he is forced to quit involuntarily." *Ryle v. Rehrig Pac. Co.*, No. 19-CV-1478, 2020 WL 6196144, at *10 (N.D.N.Y. Oct. 22, 2020) (emphasis added); *see also* ECF No. 72 at 18-20. Prior to her resignation, Plaintiff was offered an alternative office space and thus was never compelled to relocate "within the vicinity of [her] harasser." ECF No. 72-3 ¶ 26. And because Plaintiff has failed to cast doubt on RIT's facially nonretaliatory reasons for the other restructuring changes, she has not presented sufficient evidence that RIT intended to create an intolerable work atmosphere.